UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

JESSICA HEYLIGER,

Defendant.

---

08-CR-681

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On April 8, 2009, Jessica Heyliger plead guilty to Count One of a four-count indictment, which charged that between April 16, 2008 and June 11, 2008, the defendant, Corey James, and Wayne South conspired to distribute and possess with intent to distribute fifty grams or more of cocaine base and cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(C).

Heyliger was sentenced on October 12, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-three and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between forty-six and fifty-seven months. The calculation of the total offense level included a three-point reduction for acceptance of responsibility. Although Ms. Heyliger recently pled guilty to a violation, this is not a crime under New York law and is no reason to believe that she has failed to accept responsibility or that she will return to a life of crime. The offense carried a minimum term of imprisonment of ten years. 21 U.S.C. § 841(b). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $10,000 to $4,000,000. The underlying indictment was dismissed by the court.

Heyliger was sentenced to time served and five years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Heyliger's cooperation has led to the subsequent conviction of her co-defendant, Corey James. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). In the course of the conspiracy, defendant James referred a confidential informant to Heyliger, who then facilitated drug deals. She claims that she participated in the conspiracy because she feared James, who was a leader of the Bloods. Following her arrest in this case, she was incarcerated from October 7, 2008 to October 14, 2008. Since her release three years ago, Heyliger has led a law-abiding life. She lives with her mother, brother, and her two children, a seven year-old daughter and a two year-old son. She is working as a telemarketer to help support her family. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug sales will result in prison time. Specific deterrence is achieved through the impact of this conviction on the defendant's employability. It is unlikely that she will engage in further criminal activity in light of her need to support her children. Her cooperation with the government in this case demonstrates her acceptance of responsibility. Her

3

behavior in the last three years has demonstrated her desire and capacity to lead a law-abiding

life.

Jack B. Weinstein
Senior United States District Judge

Dated: October 12, 2011
        Brooklyn, New York

4