UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

United States of America,

- against -

WAYNE SOUTH

                    Defendant

**Statement of Reasons Pursuant to 18 U.S.C.
§ 3553(c)(2)**

08-CR-681

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 1 0 2013 ★

BROOKLYN OFFICE

**Appearances**

**For the Government:** Loretta A. Lynch
                    United States Attorney
                    BY:   Daniel Silver
                    Assistant United States Attorney
                    271 Cadman Plaza East
                    Brooklyn, New York

**For Defendant:**     Susan G. Kellman
                    25 Eighth Avenue
                    Brooklyn, New York, 11217

1

# I. Introduction

Wayne South was initially sentenced by this court on September 7, 2010 to sixteen months incarceration, with five years' supervised release for his part in a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base.

Following his release from prison, in April 2012, the United States Probation Department initiated Violation of Supervised Release Proceedings against South. He ultimately was convicted. South's personal growth and acceptance of responsibility are evidenced by the information contained in the Pre-Sentence Report and his own statements to the court. He would not benefit from an additional period of incarceration.

For the reasons that follow, he is sentenced to an extended period of four and a half years probation.

# II. Facts and Procedural History

On February 20, 2009, Wayne South pleaded guilty to count one of a four-count indictment. *See* Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2), *United States v. Wayne South*, No. 08-CR-681, (E.D.N.Y. 2010), ECF No. 104, at 3-5. South was charged with conspiring to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). *Id.* The charge was based on South's conduct in driving his then-girlfriend, Jessica Heyliger, a Bloods gang member, to three drug deals between April 16, 2008 and June 11, 2008. *Id.*

The Probation Department determined that South's total offense level was 23. *Id.* at 4. This was computed on the basis of a conspiracy for possession and sale of fifty grams of powder cocaine and one hundred and eighteen grams of crack cocaine. *Id.* His criminal history category was III. *Id.* The calculation included a two level mitigating role adjustment, a four-point

2.

deduction for South's minimal role in the offense, and a three-point deduction for acceptance of responsibility. *Id.*

The Pre-Sentence Report described the extensive physical abuse South experienced throughout his childhood at the hands of his father. *Id.* at 5. South's medical conditions, including epilepsy, high blood pressure, hypertension, depression, and rectal bleeding would make serving a long prison sentence difficult. *Id.* at 5, 8. The physical assaults South had experienced at the hands of the Bloods gang, in connection with the gang's attempts to force him to join the gang, were also significant. *Id.*

South had a daughter, Jahkaya Thompson, who was then almost seven years old. He had expressed a "genuine desire to assist in his daughter's upbringing." *Id.* at 6. South's testimony was confirmed by South's grandmother, Maxine Thompson. He planned to contribute to the cost of his daughter's raising by providing money to the child's maternal grandmother. *Id.* at 6.

While South was aware that his girlfriend occasionally sold drugs, he did not join in the major overall conspiracy to which he pleaded. *Id.* South was, "at most, guilty of conspiring to help deliver fifty grams of powder cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1)." *Id.* The total offense level was calculated based on fifty grams of powder cocaine, which—given South's criminal history category of III—generated a guidelines range of imprisonment between ten and sixteen months. *Id.* at 7.

On September 7, 2010, South was sentenced to sixteen months' incarceration, five years' supervised release, and a $100 special assessment fee. *Id.* at 8.

**III. Present Violation**

On April 4, 2012, the United States Probation Department initiated Violation of Supervised Release Proceedings against South. *See* Report on Violation of Supervised Release,

3

April, 2012 ("Violation Report"). He was ultimately charged with failure to comply with the following four conditions: (1) that he "shall not purchase, use, distribute, or administer any controlled substance;" (2) that he "is to participate in a drug treatment program as directed by the Probation Department;" (3) that he "shall report to the probation officer as directed;" and (4) that he "shall complete ninety (90) days home confinement." Pre-Sentence Evaluation Report, December, 2012 ("Pre-Sentence Evaluation Report").

The first charge was based on several positive marijuana tests, dating to September 21, 2010. Violation Report at 4. After this positive test, South was referred to an outpatient substance abuse treatment program, which he completed, albeit with sporadic attendance. *Id.* He again tested positive for marijuana on August 19, 2011 and September 21, 2011. *Id.* Following these tests, he was referred back to the program, where he failed to cooperate in treatment. *Id.* This failure provided the basis for the second charge. The third charge was based on South's failure to report to the Probation Department as instructed on December 2, 2011, December 5, 2011, January 5, 2012, February 2, 2012, and March 1, 2012. *Id.* The fourth charge, failure to comply with the special home confinement condition of his supervised release, was based on South's failure to be present at his residence as instructed by the probation department during scheduled attempts to install monitoring equipment. *Id.*

Pursuant to this court's September 21, 2012 order, South underwent psychiatric and psychological examination to aid in sentencing for his violation of supervised release. *See* Order, Sept. 21, 2012, ECF No. 155. As a result of this examination, a Pre-Sentence Report was submitted. *See* Pre-Sentence Evaluation Report. South appeared to meet the criteria for the diagnoses of Cannabis Dependence and Antisocial Personality Disorder and that, as a result, his prognosis was "guarded." *Id.* at 10-11. The report concluded that South could benefit from

4

Cognitive Behavioral psychotherapy in addition to continued participation in a drug treatment program. *Id.* at 13.

## IV. Sentencing for Violation of Supervised Release

The relevant statutory provisions indicate that upon a finding of violation of supervised release, the court may continue the offender on supervised release with, or without, modifying or enlarging the conditions. *See* 18 U.S.C. § 3583(e)(2). Additionally, the court may extend the term of supervised release. *Id.* In the alternative, the court may revoke supervised release and impose a term of incarceration of up to two years on any such revocation, pursuant to 18 U.S.C. section 3583(e)(3). *Id.*

At a hearing on February 14, 2013, South was sentenced to an extended period of probation of four and a half years from the date of the current sentencing. *Id.* at 6. In addition to all of the special conditions originally imposed, a prohibition on gang association and continued cognitive behavioral treatment was imposed. *Id.* at 7. The considerations noted at his original sentencing—his difficult upbringing, mental and physical health issues, family responsibilities, and minimal role in the crime for which he was initially convicted—remain compelling.

South has experienced significant personal growth as a result of psychological counseling sessions. He now accepts responsibility for his actions. He told the court at sentencing for his violation of supervised release: "I was the one to blame not other people I was trying to blame before and I made a lot of excuses for things that I could have done better and differently." *Id.* at 6. He has spent approximately five months in custody as a consequence of the present violation. An additional period of incarceration is not necessary.

5

## V. Conclusion

Given South's difficult upbringing, medical conditions, and acceptance of responsibility for his crimes, as well as the indications from the Pre-Sentence Report that he would benefit from continued treatment, custody is terminated. An extended period of four and a half years probation is imposed.

Jack B. Weinstein
Senior United States District Judge

Dated: April 9, 2013
Brooklyn, New York